**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3013
_____

AAMCO TRANSMISSIONS, INC.

v.

JAMES M. DUNLAP,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:11-cv-04009)
District Judge:  Honorable Berle M. Schiller

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 1, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This is an appeal from an order of the District Court granting Appellee AAMCO Transmissions, Inc. (AAMCO) a permanent injunction against Appellant James M. Dunlap. For the following reasons, we will affirm the judgment of the District Court.

The present case is part of a continuing dispute between Dunlap and AAMCO. In 1981, AAMCO and Dunlap entered into a franchise agreement which permitted Dunlap to operate a transmission repair center in Chesapeake, Virginia under the AAMCO name. The franchise agreement lasted for an initial term of fifteen years, with automatic renewal for another fifteen years if neither party gave written notice of termination. In 1988, the franchise agreement was amended to include, among other things, an enforceable arbitration agreement. In 1996, AAMCO permitted the franchise agreement to renew per its terms for an additional fifteen-year period, expiring in June 2011.

After the franchise agreement expired, Dunlap continued to operate his repair center using the AAMCO name. As a result, AAMCO filed in the District Court a lawsuit against Dunlap for trademark infringement. At that time, AAMCO also filed a motion for preliminary injunction seeking to prohibit Dunlap from holding himself out as an AAMCO franchisee or using AAMCO trademarks or signage. Dunlap disputed that the franchise agreement had ended in June 2011, arguing that intervening circumstances caused the agreement to end at a later date.

After discovery and a hearing, the District Court issued an order in August 2011 granting AAMCO's motion for a preliminary injunction. The Court concluded that

2

AAMCO had demonstrated a likelihood of success on the merits of its claim that the franchise agreement had ended in June 2011; irreparable injury in the event its injunction request was denied; greater hardship in the absence of an injunction than Dunlap would suffer with one; and a public interest in precluding Dunlap from confusing customers and requiring him to live up to the terms of the parties' agreement. See P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005) (setting forth the requirements for issuance of a preliminary injunction). The District Court also required AAMCO to post an injunction bond in the amount of $100,000. Finally, the District Court stayed the litigation because the parties' dispute was subject to mandatory arbitration. Dunlap did not appeal the District Court's order.

Thereafter, in December 2013, an arbitrator ruled in favor of AAMCO, concluding that the franchise agreement had, in fact, expired on June 5, 2011. Dunlap did not appeal the arbitration order, which was binding on the parties. In March 2015, upon belief that Dunlap might seek to continue to hold himself out as an AAMCO franchisee at his Chesapeake, Virginia repair shop, AAMCO filed in the District Court a motion to convert the preliminary injunction into a permanent injunction and to exonerate the injunction bond.

The District Court, after holding a hearing, granted the motion. In its analysis, the Court considered the factors necessary to grant a permanent injunction—whether "(1) the moving party has shown actual success on the merits; (2) the moving party will be

irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).

Regarding the first factor, the District Court determined that AAMCO successfully demonstrated that it had already succeeded on the merits of its claim that the franchise agreement ended in June 2011, and that Dunlap did not dispute that the arbitrator's decision was binding and could not be re-litigated. As to the second factor, the Court determined that AAMCO had shown that it would be irreparably injured absent the injunction. In particular, the Court determined that to the extent that customers might be dissatisfied with Dunlap's performance at his repair shop, AAMCO might suffer a loss of its business reputation and goodwill if Dunlap failed to cure his deficiencies.

With regard to the third factor, the Court determined that a permanent injunction would do Dunlap no harm. AAMCO simply requested that Dunlap be prohibited from holding himself out as an AAMCO franchisee or using AAMCO's trademarks. Given the arbitrator's ruling that the franchise agreement ended nearly five years ago, the District Court determined that a permanent injunction would merely prohibit Dunlap from engaging in activity to which he has no legal right. Finally, the District Court determined that a permanent injunction would be in the public interest in that it would prevent confusion and deception among business customers regarding whether Dunlap's repair shop is, in fact, an approved AAMCO franchise.

Dunlap appeals the District Court's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review a District Court's grant or denial of an injunction for abuse of discretion. See NAACP v. N. Hudson Reg'l Fire & Rescue, 665 F.3d 464, 475 (3d Cir. 2011). "An abuse of discretion occurs when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Id. at 475-76 (internal quotation marks and citation omitted). "We do not interfere with a district court's discretionary judgments, unless it clearly erred in weighing the relevant factors and reaching a conclusion." Id. at 476.

For essentially the reasons given by the District Court, we conclude that it did not abuse its discretion in granting AAMCO's motion. Dunlap, in his pro se brief, sets forth a number of challenges, but many of them are facially meritless or irrelevant to the District Court's grant of the permanent injunction. That notwithstanding and given our narrow scope of review, we conclude, based on a careful reading of the record and a fair evaluation of the District Court's analysis, that the Court did not abuse its discretion in balancing the factors and issuing the permanent injunction.[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] Given that disposition, we also perceive no error on the part of the District Court in exonerating the injunction bond.